IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MAGDA GRANIELA,<br><br>    Plaintiff<br><br>    v.<br><br>JORGE IVÁN VÉLEZ-AROCHO and<br>ANTONIO GARCÍA-PADILLA,<br><br>    Defendants | CIVIL NO. 09-1742 (JP) |

**OPINION AND ORDER**

Before the Court is Defendants Jorge Iván Vélez-Arocho ("Vélez") and Antonio García-Padilla's ("García") motion to dismiss for lack of jurisdiction (**No. 6**) and Plaintiff Magda Graniela's ("Graniela") response in opposition thereto (No. 9). Also before the Court is Defendants' reply (No. 12) and Plaintiff's surreply (No. 13). Plaintiff filed the instant complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") for alleged violations of Plaintiff's Equal Protection and Due Process rights, as well as 42 U.S.C. §§ 1981 and 1982. Defendants argue that the complaint should be dismissed on the basis of Eleventh Amendment immunity. For the reasons stated herein, Defendants' motion to dismiss is hereby **GRANTED IN PART AND DENIED IN PART.**

**I.   FACTUAL ALLEGATIONS**

Plaintiff Graniela is a professor of Hispanic Studies at the Mayaguez campus of the University of Puerto Rico ("UPR") and has held

CIVIL NO. 09-1742 (JP)        -2-

said position since 1987.  Defendant Vélez is the Rector of the UPR's Mayaguez campus and is the head of the Department of Hispanic Studies.  Defendant García is President of the UPR.

Plaintiff Graniela alleges that between 1995 and 2008 she was denied access to documents in her institutional file.  Said file contains documents contributed by Graniela herself, including copies of investigations undertaken and resulting manuscripts, a manuscript for a book titled Methods for Literacy Critiques, yearly reports, and editing tests.  Plaintiff alleges that her file contains many other documents regarding her relations with other professors and her work for the Department of Hispanic Studies.  Plaintiff alleges that the denial of access to her documents was arbitrary, irrational, and without any explanation.  Plaintiff further alleges that being prevented from accessing the documents in her file has caused damage and interruption to her career and reputation.

## II.   LEGAL STANDARD FOR A RULE 12(b)(1) MOTION TO DISMISS

Federal courts are courts of limited jurisdiction. Destek Group v. State of New Hampshire Public Utilities Commission, 318 F.3d 32, 38 (1st Cir. 2003).  The party claiming that the court has jurisdiction carries the burden of showing that there is jurisdiction.  See Aversa v. United States, 99 F.3d 1200, 1209 (1st Cir. 1996); Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995).

CIVIL NO. 09-1742 (JP)         -3-

Motions brought under Federal Rule of Civil Procedure ("FRCP") 12(b)(1) are subject to a similar standard of review as FRCP 12(b)(6) motions. <u>Torres Maysonet v. Drillex, S.E.</u>, 229 F. Supp. 2d 105, 107 (D.P.R. 2002). A court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." <u>Rumford Pharmacy, Inc. v. City of East Providence</u>, 970 F.2d 996, 997 (1st Cir. 1992); <u>Torres Maysonet</u>, 229 F. Supp. 2d at 107.

### III. **ANALYSIS**

Defendants Vélez and García argue that the complaint should be dismissed because they are entitled to Eleventh Amendment immunity. The Court will now consider the parties' arguments.

#### A. **Eleventh Amendment Immunity**

The Eleventh Amendment bars a suit brought in federal court for monetary damages against states, unless the state being sued waives its immunity or consents to be sued. U.S. CONST. amend. XI. Puerto Rico is considered a state for Eleventh Amendment purposes. <u>Metcalf & Eddy v. Puerto Rico Aqueduct & Sewer Auth.</u>, 991 F.2d 935, 939 (1st Cir. 1993). Absent waiver, neither a state nor agencies acting under its control may be subject to suit in federal court. <u>Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.</u>, 506 U.S. 139, 142 (1993). The enactment of Section 1983 did not serve to abrogate the states' Eleventh Amendment immunity. <u>See</u>, <u>e.g.</u>, <u>Quern v. Jordan</u>, 440 U.S. 332, 342 (1979). Suits against officers in their official

CIVIL NO. 09-1742 (JP)          -4-

capacity for damages are tantamount to actions directly against the state.  Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989).

In the instant case, Plaintiff has named as Defendants Vélez and García in their capacities as officials of the UPR.  For Eleventh Amendment purposes, the UPR is considered an arm of the state.  Pérez v. Rodríguez Bou, 575 F.2d 21, 25 (1st ir. 1978); Pinto v. Universidad de Puerto Rico, 895 F.2d 18 (1st Cir. 1990).  Therefore, the UPR is entitled to Eleventh Amendment immunity.  Because a suit against an official of the state is tantamount to a suit against the state, Defendants Vélez and García are also entitled to Eleventh Amendment immunity.  Culebras Enterprises Corp. v. Rivera Rios, 813 F.2d 506 (1st Cir. 1987) ("Insofar as defendants were sued for actions taken in their official capacities as members of agencies of Puerto Rico, this was only another way of pleading an action against an entity of which an officer is an agent, i.e., against, ultimately, the Commonwealth of Puerto Rico.") (internal quotations omitted).  Accordingly, the Court will dismiss Plaintiff's claims for damages against Defendants Vélez and García, who are named in their official capacities.

However, Eleventh Amendment immunity does not cover claims for injunctive relief applicable only to a defendant's future actions. Redondo-Borges v. U.S. Dept. of Housing and Urban Dev., 421 F.3d 1, 7 (1st Cir. 2005) (". . . Eleventh Amendment immunity does not bar prospective injunctive relief against official-capacity defendants.")

CIVIL NO. 09-1742 (JP)          -5-

(internal citations omitted).  In the instant case, Plaintiff's complaint includes requests to enjoin Defendants from taking certain future actions.  Because said claims for injunctive relief are not barred on the basis of immunity, the Court will permit the claims for prospective injunctive relief to proceed.

**IV.  CONCLUSION**

In conclusion, Defendants' motion to dismiss is **GRANTED** as to Plaintiff's claims for damages, and **DENIED** as to Plaintiff's claims for prospective injunctive relief.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of July, 2010.

                                           s/Jaime Pieras, Jr.
                                           JAIME PIERAS, JR.
                                U.S. SENIOR DISTRICT JUDGE